## IN THE UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| IN RE: | CHAPTER 13 |
| MILLARD COURTNEY FARMER, JR., | CASE NO. 18-52363-jwc |
| Debtor. | |
| JOHN HAROLD MURPHY, | |
| Movant, | |
| v. | CONTESTED MATTER |
| MILLARD COURTNEY FARMER, JR., | |
| Respondent. | |

### JOINT MOTION REQUESTING MEDIATION

**COME NOW** Movant and Respondent in the above referenced contested matter (collectively, the Movant and Respondent are referred to herein as the "Parties"), by and through the undersigned counsel, and hereby file this "Joint Motion Requesting Mediation" ("Joint Motion"). In support of the Joint Motion, the Parties show the Court as follows:

1. On February 9, 2018 ("Petition Date"), Debtor filed a petition for relief under Chapter 13 of Title 11, United States Code, 11 U.S.C. §§ 101 et seq. (as amended, modified or supplemented, the "Bankruptcy Code") in the United States Bankruptcy Court, docketed as Bankruptcy Case No. 18-52363 ("Bankruptcy Case").

2. Nancy J. Whaley is the duly appointed and acting Chapter 13 trustee of the Debtor's Estate ("Trustee").

3. On March 8, 2018, Debtor filed his *Chapter 13 Plan* (the "Plan").

1

4. On April 20, 2018, creditor John H. Murphy ("Murphy") filed his proof of claim in the amount of $723,465.15 (the "Claim").

5. On May 14, 2018, Murphy filed a *Motion to the Lift the Automatic Stay* (DN. 29).

6. On May 29, 2018, Murphy filed his *Objection to Confirmation* (DN. 32).

7. On June 4, 2018, the Debtor filed his (i) *Chapter 13 Pre-Confirmation Modification* (DN. 36), (ii) *Objection to the Claim of Creditor John H. Murphy* (DN. 37), and (iii) *Response to John. H. Murphy's Objection to Confirmation* (DN. 38) (the Claim, the Plan and the objections and responses thereto are hereinafter referred to as the "Pending Matters")

8. The Pending Matters are set for an evidentiary hearing before this Court on August 1, 2018.

9. The Parties wish to explore the possibility of settlement before expending additional economic and judicial resources.

10. The Parties request that the Court order mediation of the Pending Matters based on the consent of the Parties and for good cause shown.

11. The Parties are aware of other instances where mediation has been approved by the Court and a settlement has been reached. Other bankruptcy judges have served as mediators in this district and assisted parties with resolving issues without the need for further litigation.

12. The Parties believe the Pending Matters can be resolved through mediation. The Parties are willing to consent to mediation of this matter by another bankruptcy judge. The Parties request mediation with a bankruptcy court judge who performs mediations and is available in July 2018 (on a date convenient to all parties and counsel).

13. Attached to this Joint Motion as Exhibit "A" is a proposed Consent Order approving this Joint Motion.

WHEREFORE, the Parties request that the Court enter an order authorizing mediation of all pending matters in this Bankruptcy Case and granting such other and further relief as deemed appropriate.

Respectfully submitted this 20th day of June, 2018.

| | |
|---|---|
| Consented to By:<br>KILPATRICK TOWNSEND &<br>STOCKTON, LLP<br><br>*/s/ Colin M. Bernardino*<br>Colin M. Bernardino<br>Georgia Bar No. 054879<br><br>1100 Peachtree Street, NE, Suite 2800<br>Atlanta, Georgia 30309<br>404.815.6500, phone<br>cbernardino@kilpatricktownsend.com<br>*Attorney for John H. Murphy* | Prepared and Consented to By:<br>JONES & WALDEN, LLC<br><br>*/s/ Cameron M. McCord*<br>Cameron M. McCord<br>Georgia Bar No. 143065<br><br>21 Eighth St NE<br>Atlanta, Georgia 30309<br>404-564-9300<br>cmccord@joneswalden.com<br>*Attorney for Debtor* |

Exhibit "A" Follows:

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE:<br><br>**MILLARD COURTNEY FARMER, JR.,**<br><br>　Debtor.<br><br>**JOHN HAROLD MURPHY,**<br><br>　　Movant,<br><br>v.<br><br>**MILLARD COURTNEY FARMER, JR.,**<br><br>　　Respondent. | **CHAPTER 13**<br><br>**CASE NO. 18-52363-jwc**<br><br><br><br><br><br>**CONTESTED MATTER** |

**ORDER DIRECTING MEDIATION**

　　The parties have requested that they be directed to participate in mediation with regard to all Pending Matters in the instant Bankruptcy Case. It appears that the most productive form of mediation is to designate a current bankruptcy judge, with no assignment or responsibility for

5

these proceedings, as a settlement judge to serve as a neutral mediator and that Bankruptcy Judge _____ is qualified and suitable to serve in that capacity.

Accordingly, for good cause shown, it is hereby **ORDERED** as follows:

1. The parties to this proceeding shall mediate the issues and disputes presented in these proceedings. Bankruptcy Judge _____ is designated as a settlement judge with regard to this matter for the purpose of conducting mediation proceedings as the neutral mediator. In the event Judge _____ is not available to serve as mediator, the parties shall in good faith consider other bankruptcy judges. Such mediation shall be conducted at a time and place and in accordance with procedures mutually agreed upon by the parties and the settlement judge, with said mediation to take in the month of July 2018. The parties or their representatives with full authority to settle any and all issues in the Pending Matters shall appear and participate in good faith in such mediation session.

2. Because Judge _____ will be serving as the neutral mediator in this matter and because the nature of the mediation process requires ex parte contacts and communications between the neutral mediator and each of the sides, the prohibitions of FED. R. BANKR. P. 9003 do not apply to communications among the parties, their attorneys, and Judge _____ in connection with the mediation proceedings. The parties and their attorneys may, therefore, have ex parte communications with Judge _____ in his or her capacity as the neutral mediator in connection with the mediation proceedings.

3. Except as provided in this paragraph, all communications made by the parties or their attorneys to each other or to Judge _____ in connection with the mediation

6

process, the conduct and demeanor of the parties and their counsel during the mediation, and any documents prepared or produced in connection with the mediation process, including Judge _____'s notes or records, shall be confidential and shall not be admissible in evidence or the subject of any discovery in any proceeding (unless admissible or discoverable without regard to the mediation). The mediation sessions and any conferences or proceedings in connection therewith shall be treated as compromise negotiations for purposes of the Federal Rules of Evidence, the Georgia Rules of Evidence, or any rules of evidence of any other jurisdiction. No record will be maintained after conclusion of the mediation proceedings other than Judge _____'s notes and notes of the participating attorneys and parties. Judge _____ is disqualified from appearing as a witness in any matter, and shall not be called as a witness, with regard to the mediation or any matter arising out of or related thereto, except as follows:  The parties agree that each side will appear on time for the mediation session with their counsel of record; that they will participate in good faith and that they will continue sincere efforts to mediate in good faith for a minimum time frame of two (2) hours.  If any of the details in this "exception" clause are not met by either side, Judge _____ shall have the authority to report same to the Court's attention in his mediation report.  Following either (1) Court approval of a settlement or (2) the Court's receipt of the mediator's report, which report announces an impasse but does not assert that any party failed to participate in the mediation in good faith, Judge _____ may destroy his mediation notes.

**End of Order**

| | |
|---|---|
| Consented to By:<br>KILPATRICK TOWNSEND &<br>STOCKTON, LLP<br><br>*/s/ Colin M. Bernardino*<br>Colin M. Bernardino<br>Georgia Bar No. 054879<br><br>1100 Peachtree Street, NE, Suite 2800<br>Atlanta, Georgia 30309<br>404.815.6500, phone<br>cbernardino@kilpatricktownsend.com<br>*Attorney for John H. Murphy* | Prepared and Consented to By:<br>JONES & WALDEN, LLC<br><br>*/s/ Cameron M. McCord*<br>Cameron M. McCord<br>Georgia Bar No. 143065<br><br>21 Eighth St NE<br>Atlanta, Georgia 30309<br>404-564-9300<br>cmccord@joneswalden.com<br>*Attorney for Debtor* |

**Distribution List:**

Cameron M. McCord, Jones & Walden, LLC, 21 Eighth St NE, Atlanta, GA 30309

Colin Bernardino, Kilpatrick Townsend & Stockton, LLP, 1100 Peachtree Street, NE, Suite 2800, Atlanta, Georgia 30309

# IN THE UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| IN RE:<br><br>**MILLARD COURTNEY FARMER, JR.,**<br><br>   Debtor. | **CHAPTER 13**<br><br>**CASE NO. 18-52363-jwc** |
| **JOHN HAROLD MURPHY,**<br><br>   Movant,<br><br>v.<br><br>**MILLARD COURTNEY FARMER, JR.,**<br><br>   Respondent. | **CONTESTED MATTER** |

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing *Joint Motion Requesting Mediation* on all parties referenced below by depositing a copy of same in the United States Mail, postage prepaid mail to the following:

Office of the United States Trustee
362 Richard B. Russell Federal Building
75 Ted Turner Drive, SW
Atlanta, GA 30303

Nancy J. Whaley
Chapter 13 Trustee
303 Peachtree Center Avenue, Suite 120
SunTrust Garden Plaza
Atlanta, GA 30303-1216

Colin Bernardino
Kilpatrick Townsend
1100 Peachtree St., N.E., Suite 2800
Atlanta, GA 30309

John H. Murphy
c/o Maloy Jenkins Parker
1360 Peachtree Street, NE, Suite 910
Atlanta, GA 30309

This 20th day of June, 2018.

**JONES & WALDEN, LLC**
*/s/ Cameron M. McCord*
Cameron M. McCord
Georgia Bar No. 143065
Attorney for Debtor
21 Eighth Street, N.E.
Atlanta, Georgia 30309
(404) 564-9300

9