**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 13 |
| | ) | |
| MILLARD COURTNEY FARMER, JR., | ) | Case No. 18-52363-JWC |
| | ) | |
| Debtor. | ) | |
| | ) | |

**JOHN H. MURPHY'S RESPONSE**
**TO DEBTOR'S OBJECTION TO PROOF OF CLAIM**
**FILED BY JOHN HAROLD MURPHY [Proof of Claim No. 2]**

COMES NOW John H. Murphy ("Murphy"), and files this response (the "Response") to

the *Debtor's Objection to Proof of Claim Filed by John Harold Murphy [Proof of Claim No. 2]*

[ECF No. 37] (the "Objection") filed by Millard Courtney Farmer, Jr. (the "Debtor"). In support

of the Response, Murphy respectfully represents as follows:

**FACTUAL BACKGROUND**

1.      On January 26, 2018, Murphy obtained a judgment against the Debtor because the

Debtor was found to have violated Georgia's RICO statute (the "Judgment").

2.      On February 9, 2018, the Debtor filed his voluntary petition under chapter 13 of

title 11, United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for

the Northern District of Georgia.

3.      On April 19, 2018, Murphy filed his proof of claim against the Debtor in the

amount of $723,465.15 (Claims Register No. 2, the "Claim").

4.      On May 14, 2018, Murphy filed the *Creditor John H. Murphy's Motion to Lift the*

*Automatic Stay and Postpone Hearings* [ECF No. 29] (the "Lift Stay Motion"), seeking stay of

any confirmation hearings until the Hon. Judge Batten has ruled on, and thus liquidated,

Murphy's Claim.

5.      On June 4, 2018, the Debtor filed the Objection, asserting that the Claim should

be disallowed in its entirety.  Obj. ¶ 5.

6.      By this Response, Murphy seeks confirmation from this Court that the Claim will

be allowed in its entirety for the reasons described below:

## BASIS FOR RELIEF

7.      The Debtor argues that the Claim should be disallowed because it is unliquidated.

This conclusory allegation, however, is not supported by the Bankruptcy Code, case law, or

common sense.

8.      The Bankruptcy Code defines a "claim" as a "right to payment, whether or not

such right is reduced to judgment, *liquidated* [or] *unliquidated*, fixed [or] contingent."  11 U.S.C.

§ 101(5)(A) (emphasis added).  Therefore, even if the Claim were to be categorized as

unliquidated, disallowance based on its unliquidated nature directly contradicts the Code itself.[1]

9.      Further, section 502(b) of the Bankruptcy Code "specifies the grounds on which a

claim is to be disallowed."  *In re Shank*, 315 B.R. 799, 812 (Bankr. N.D. Ga. 2004).  Section

502(b) lists nine grounds by which a claim may be disallowed: if the claim is (i) contingent or

unmatured; (ii) unmatured interest; (iii) a tax exceeding the value of the interest of the estate in

such property; (iv) services of an insider or attorney of debtor; (v) unmatured on date of filing;

(vi) damages due to termination of a lease; (vii) damages due to termination of an employment

---

[1] The Debtor appears to suggest that because the "Disputed Judgment is subject to Debtor's motion for a new trial," the Claim should be disallowed as unliquidated.  Obj. ¶ 5.  As described above, such a result does not comport with the Bankruptcy Code; the language in section 101(5)(A) is sufficiently broad to cover the possibility of a new trial. *See* 11 U.S.C. § 101(5) ("The term 'claim' means . . . (A) right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured[.]").

contract; (viii) reduction of credit; or (ix) if the proof of claim was not timely filed.  11 U.S.C. §

502(b)(1)-(9).  Whether or not a claim is unliquidated is *not* on that list and therefore does not

qualify as a ground for claim disallowance. And, as described above, unliquidated claims are

explicitly allowed under section 101(5)(A) of the Bankruptcy Code.  Therefore, according to any

reasonable reading of the Bankruptcy Code, a claim may not be disallowed simply because it is

unliquidated.  Furthermore, the Court has indicated that it intends to grant the Lift Stay Motion,

which will allow the district court to award Murphy's attorneys' fees.  As a result, disallowance

is not appropriate.

10.     This Court may also elect to abstain from deciding on this manner until Judge

Batten rules on the issues in the district court proceeding detailed in the Lift Stay Motion.  A

federal court may voluntarily abstain from hearing a proceeding arising under the Bankruptcy

Code or related to a case under Title 11.  *See* 28 U.S.C. § 1334(c)(1).

11.     Bankruptcy courts typically apply a twelve-factor test when determining whether

to abstain from hearing a proceeding.  *In re Mercer's Enters., Inc.*, 387 B.R. 681, 686 (Bankr.

E.D.N.C. 2008).  Selected[2] factors include: (i) the effect or lack thereof on the efficient

administration of the estate if a court recommends abstention; (ii) the extent to which state issues

predominate over bankruptcy issues; . . . (iv) the presence of a related proceeding in state court

or other non-bankruptcy court; . . . (vi) the degree of relatedness or remoteness of the proceeding

to the main bankruptcy case; . . . [and] (viii) the feasibility of severing state law claims from core

---

[2] The remaining factors are: (iii) the difficulty or unsettled nature of the applicable law; . . . (v) the jurisdictional
basis, if any, other than 28 U.S.C. § 1334; . . . (vii) the substance rather than form of an asserted 'core' proceeding;
. . . (ix) the burden on the bankruptcy court's docket; (x) the likelihood that the commencement of the proceeding in
bankruptcy involves forum shopping by one of the parties; (xi) the existence of a right to a jury trial; and (xii) the
presence in the proceeding of non-debtor parties.  *Id.*

bankruptcy matters to allow judgment to be entered in state court with enforcement left to the bankruptcy court[.]" *Id.*

12.     First, allowing Judge Batten to determine the extent of attorneys' fees owed under the Judgment will enable more efficient case administration than Murphy proceeding with an allowable, unliquidated claim.  Second, as the Judgment is based on the Debtor's violations of Georgia RICO laws, it is clear that state issues would predominate over bankruptcy issues. Third, a separate proceeding exists, as detailed in the Lift Stay Motion.  Fourth, it is *not* clear that determining the exact liability of the Debtor in relation to Murphy's attorneys' fees is related to the main bankruptcy proceeding.  Fifth, if the Claim is severed or allowed to proceed by granting the Lift Stay Motion, the Bankruptcy Court will retain its authority to determine how the resulting Claim is treated in the Debtor's bankruptcy proceeding.  For these reasons, this Court may find that granting the Lift Stay Motion and abstaining from ruling on the Claim may be the most efficient path forward for all parties.

13.     The Debtor's argument for why the Claim should be disallowed also fails as a matter of common sense.  In essence, the Debtor is arguing that *more information* would make the Claim allowable.  But proofs of claim are specifically designed to collect little data.  *See In re Great W. Cities, Inc. of N.M.*, 88 B.R. 109, (Bankr. N.D. Tex. 1988) *rev'd on other grounds*, 107 B.R. 116 (N.D. Tex. 1989) ("A proof of claim . . . requires little more than a listing of name, address, amount of claim (or a listing as "unliquidated" or "contingent"), and a signature.  It should take less than five minutes to fill out.").

14.     Further, this Court has expressed much the same sentiment.  *Shank*, 315 B.R. at 812 ("[P]rinciples of equity guide a bankruptcy court and [so] that technical considerations [do] not prevent substantial justice from being done, the Court concludes that an objection to a proof

of claim based solely on the lack of attached documents provides no basis for disallowance of a claim, even if the claimant declines to respond to the objection.").

15.      The *Shank* court goes further, suggesting that a claim may only be disallowed after a dispute; this is inapplicable to this case because there *was* a dispute, and Murphy won a judgment. *Id.* ("At a minimum, the bankruptcy rules must be interpreted as requiring that a challenge to a proof of claim assert a basis for its disallowance or reduction under 11 U.S.C. § 502(b)—the existence of at least a potential dispute—before the procedures governing the determination of disputes in the claims allowance process are even invoked.").

## CONCLUSION

For the reasons listed above, this Court should overrule the Debtor's Objection and allow the Claim as fully set forth herein.


Date:   July 9, 2018                    Respectfully submitted,


                                           /s/ Colin M. Bernardino
                                        Colin M. Bernardino, Esq. (Ga. Bar No. 054879)
                                        KILPATRICK TOWNSEND & STOCKTON LLP
                                        1100 Peachtree Street, Suite 2800
                                        Atlanta, Georgia  30309
                                        Telephone:  (404) 815-6500
                                        Facsimile:  (404) 815-6555
                                        Email:  cbernardino@kilpatricktownsend.com

                                        *Counsel for John H. Murphy*