## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 13 |
| | ) | |
| MILLARD COURTNEY FARMER, JR., | ) | Case No. 18-52363 |
| | ) | |
| Debtor. | ) | Judge Cavender |
| | ) | |

## NOTICE OF HEARING ON MOTION TO ENFORCE SETTLEMENT AGREEMENT

**PLEASE TAKE NOTICE** that on February 26, 2019, John H. Murphy filed a motion to enforce settlement agreement and related papers with the court seeking an order enforcing the settlement agreement.

**PLEASE TAKE FURTHER NOTICE** that the Court will hold a hearing on the motion to enforce settlement agreement in Courtroom 1203, United States Courthouse, 75 Ted Turner Drive, SW, Atlanta, Georgia, at 10:00 A.M. on March 12, 2019.

Your rights may be affected by the court's ruling on these pleadings. You should read these pleadings carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.) If you do not want the court to grant the relief sought in these pleadings or if you want the court to consider your views, then you and/or your attorney must attend the hearing. You may also file a written response to the pleading with the Clerk at the address stated below, but you are not required to do so. If you file a written response, you must attach a certificate stating when, how and on whom (including addresses) you served the response. Mail or deliver your response so that it is received by the Clerk at least two business days before the hearing. The address of the Clerk's Office is Clerk, U. S. Bankruptcy Court, Suite 1340, 75 Ted Turner Drive, Atlanta Georgia 30303. You must also mail a copy of your response to the undersigned at the address stated below.

Dated:  February 26, 2019.

/s/ *Colin M. Bernardino*

Colin M. Bernardino, Esq. (GA Bar No. 054879)
KILPATRICK TOWNSEND & STOCKTON LLP
1100 Peachtree Street, Suite 2800
Atlanta, Georgia  30309
Telephone: (404) 815-6500
Facsimile:  (404) 815-6555
Email:  cbernardino@kilpatricktownsend.com

*Counsel for John H. Murphy*

US2008 15226414 1

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 13 |
| | ) | |
| MILLARD COURTNEY FARMER, JR., | ) | Case No. 18-52363 |
| | ) | |
| Debtor. | ) | Judge Cavender |
| | ) | |

**MOTION TO ENFORCE SETTLEMENT AGREEMENT**

COMES NOW John H. Murphy ("Murphy"), and files this motion to enforce that certain

settlement agreement entered by Murphy and the Debtor on September 18, 2018 in connection

with a mediation conducted by the Honorable Paul W. Bonapfel (the "Motion").  In support of

the Motion, Murphy respectfully represents as follows:

**BACKGROUND**

1.      On January 26, 2018, Murphy obtained a judgment against the Debtor because the

Debtor was found by a federal court jury to have violated Georgia's RICO statute.  *See Murphy*

*v. Farmer*, Civil Action No. 3:15-cv-92 (N.D. Ga.) (the "RICO Action").[1]

2.      On February 9, 2018 (the "Petition Date"), the Debtor filed his voluntary petition

under chapter 13 of title 11 of the United States Code (the "Bankruptcy Code") in the United

States Bankruptcy Court for the Northern District of Georgia.

3.      On March 8, 2018, the Debtor filed his proposed chapter 13 plan (the "Plan")

[ECF No. 20].

4.      On May 29, 2018, Murphy filed his *Objection to Confirmation* [ECF No. 32].

The Debtor has not amended the proposed Plan.  Despite the passage of almost one year since

---

[1] On April 19, 2018, Murphy filed a proof of claim based on his judgment and attorneys' fees
incurred in the RICO Action.

US2008 15061965 6

the Debtor filed the proposed Plan, the Plan remains pending, unconfirmed, and is not confirmable.

5.      On June 20, 2018, the Debtor and Murphy, seeking a consensual resolution to their disputes, filed a *Joint Motion Requesting Mediation* (the "Mediation Motion") [ECF No. 45].  This Court granted the Mediation Motion shortly thereafter in its *Order Authorizing and Directing Mediation of Disputes Among Parties* the (the "Mediation Order") [ECF No. 48].

6.      The Debtor and Murphy, after engaging in a productive mediation session (the "Mediation") conducted by the Honorable Paul W. Bonapfel, reached an agreement and subsequently signed a settlement term sheet on September 18, 2018 (the "Settlement Agreement"), attached hereto as **Exhibit A**.  As expressed in the Settlement Agreement, the Debtor agreed to pay Murphy or Murphy's counsel $450,000 no later than April 2, 2019 (the "Settlement Payment") and to amend the Plan.  The Settlement Agreement provides that the Debtor's failure to pay Murphy entitles Murphy or Murphy's counsel to record a Quitclaim deed for the Debtor's house (the "Property"), the principal asset of the Debtor's estate.  In reliance upon the Settlement Agreement entered by the Parties, Murphy's counsel prepared the form of Quitclaim deed and provided it to Debtor's counsel.  In doing so, Murphy's counsel expended meaningful resources.  A true and correct copy of the form of Quitclaim deed is attached hereto as **Exhibit B** (the "Quitclaim Deed").

7.      To date, the Debtor has failed to take any of the steps required by the Settlement Agreement, including executing the Quitclaim Deed or amending his proposed Plan.  Furthermore, on December 7, 2018, Debtor's bankruptcy counsel, Jones & Walden, LLC, filed a request to withdraw their representation of the Debtor [ECF No. 54].

2

US2008 15061965 6

8.       During a hearing on January 15, 2019, Debtor's litigation counsel[2] stated that the Debtor was still considering whether to honor his obligations under the Settlement Agreement. More than a month has passed since the hearing and almost six months have passed since the Mediation/Settlement Agreement, but the Debtor has yet to take any actions to satisfy his obligations under Settlement Agreement.[3]  There is no reasonable basis to believe that the Debtor will be able to make the Settlement Payment on April 2nd (assuming the Debtor intends to pay Murphy).   The Court should (i) order the Debtor to deliver the signed Quitclaim Deed to Murphy; and (ii) authorize Murphy to record the Quitclaim Deed and foreclose upon the Property if the Debtor does make the Settlement Payment by April 2, 2019.  If the Debtor does not honor the Settlement Agreement and is unwilling to make the Settlement Payment and provide the executed Quitclaim Deed, the Debtor cannot be allowed to continue in Chapter 13, and a fiduciary must be appointed to protect the Debtor's creditors.

## DISCUSSION

9.       Judge Hagenau recently granted a motion to enforce a settlement agreement based on an e-mail exchange between the attorneys and the preparation of a settlement agreement that the debtor had not signed.  *In re Stewart*, No. 17-53793-WLH, 2018 WL 6436273 (Bankr. N.D. Ga. Dec. 6, 2018).   "The construction of settlement contracts is governed by the state law applicable to contracts in general."  2018 WL 6436273, at *2 (quoting *Hopson v. Hopson (In re Hopson)*, 216 B.R. 297, 301 (Bankr. N.D. Ga. 1997)).  In *Stewart*, as in this case, "Georgia law

---

[2] On April 3, 2018, the Court approved the Debtor's retention of Ralph Goldberg as special litigation counsel.  [ECF No. 24].  Although Jones & Walden, LLC has withdrawn from its representation of the Debtor, to the extent Mr. Goldberg purports to represent the Debtor as replacement bankruptcy counsel, Mr. Goldberg's expanded role has not been approved by the Court.

[3] Upon information and belief, the Debtor may have listed The Property for sale.  However, the Debtor has not sought approval from the Court of any sale or sale procedures.

3

governs both whether there was a settlement agreement and the construction of any alleged settlement agreement." *Id.* (quoting *Hopson*, 216 B.R. at 301).

10.     Even where a settlement agreement must be in writing, "letters or documents prepared by the attorneys which memorialize the terms of the agreement will suffice." *Id.* (quoting *Hopkins*, 216 B.R. at 301); *see also Johnson v. DeKalb County*, 314 Ga. App. 790, 793, 726 S.E.2d 102, 105-06 (2012) (noting that while settlement "ideally" will consist of a "formal written agreement signed by the parties,' "letters or documents prepared by attorneys which memorialize the terms of the settlement reached will suffice") (quoting *Pourreza v. Teal Appraisals*, 273 Ga. App. 880, 882-83, 616 S.E.2d 108, 111 (2005)); *Capitol Materials, Inc. v. Kellogg & Kimsey, Inc.*, 242 Ga. App. 584, 587, 530 S.E.2d 488, 491 (2000) (same).

11.     That the parties may have anticipated entering a more formal document does not negate the enforceability of the written agreement they did reach. *Stewart*, 2018 WL 6436273, at *4 ("When the parties intend to memorialize with a formal document an agreement that they have already reached, ... the execution of the document is not an act necessary to the creation of an enforceable contract.") (internal quotation marks and citation omitted).  Rather, courts will enforce the existing written agreement to avoid the unfortunately but not unusual circumstances "where an agreement as to terms was clearly made and then someone changed his mind and no longer wanted to settle the case." *Capitol Materials*, 242 Ga. App. at 587, 530 S.E.2d at 492; *see also Johnson*, 314 Ga. App. at 794-95, 726 S.E.2d at 106 (same, quoting *Pourreza*, 273 Ga. App. at 883, 616 S.E.2d at 111).

12.     Here, there is no question that the Debtor had competent counsel to represent his interests during the Mediation.  At the Mediation, the Debtor, a licensed and practicing member of the State Bar of Georgia, was present, participated and was well represented by experienced

<div align="center">4</div>

counsel.  Specifically, Jones & Walden, LLC, the Debtors' bankruptcy counsel, participated in the Mediation and executed the Settlement Agreement on behalf of the Debtor.  In addition, the Debtor's Litigation Counsel, Mr. Goldberg, appeared at the Mediation, actively represented the Debtor, and advised him regarding the Settlement Agreement.

13.     The breadth, depth, and detail of the Settlement Agreement make clear that there was a "meeting of the minds" between the Debtor and Murphy.  *See Stewart*, 2018 WL 6436273, at *5 (finding a "complete meeting of the minds" and enforcing settlement agreement).  The Settlement Agreement provides, among other things, that:  (i) the Settlement Payment is due on April 2, 2019; (ii) failure to make the Settlement Payment entitles Murphy to file the Quitclaim Deed; (iii) mutual releases to be exchanged upon receipt of the Settlement Payment or the recording of the Quitclaim Deed; (iv) Murphy would not bring further bar complaints; and (v) the RICO Action would be dismissed after the Settlement Payment was made or the Quitclaim Deed was recorded.  The Settlement Agreement is also specific as to its requirement that the Debtor amend his chapter 13 plan to provide, among other things, (a) that the Debtor will not file an additional case for six months; (b) direct payments from the Debtor to Murphy; (c) that the Debtor will not incur any other debt; and (d) that the Debtor will maintain the Property in similar or better condition than at present.  As the Settlement Agreement therefore decides present, future, and practical issues, it should be considered a "meeting of the minds" between the Debtor and Murphy, and should be enforced.[4]

---

[4] The Court in *Stewart* found there was a binding settlement based only on a simple email which set forth little more than payment terms and a remedy if there was a default.  *See id.*, 2018 WL 6436273 at *2.  Similarly, the *Johnson* court found the existence of a settlement based on little more than an email exchange that was supposed to be memorialized later in a formal settlement agreement.  *See* 314 Ga. App. at 793-94, 725 S.E.2d at 105-06.  The Settlement Agreement is far more detailed than either of the agreements found to exist in *Stewart* and *Johnson*.

US2008 15061965 6

14.    Although Murphy's preference is enforcement of the binding Settlement Agreement, conversion may be necessary so that a fiduciary can administer the Debtor's estate and stop the Debtor's delay.  Section 1307 of the Bankruptcy Code provides that "the court may convert a case under this chapter to a case under chapter 7 of this title . . . for cause."  11 U.S.C. § 1307(c) (emphasis added).  The definition of "cause" is not limited, and includes "unreasonable delay by the debtor that is prejudicial to creditors[.]"  11 U.S.C. § 1307(c)(1).  If the Debtor fails to honor the Settlement Agreement, the Court should find that "cause" exists to convert this case to one under Chapter 7.  Murphy agreed to mediate with the Debtor in good faith and with an expectation that the Debtor would honor any agreement reached in the mediation.  At best, the Debtor appears to have changed his mind.  Alternatively, the Debtor never intended to follow through with his obligations under the Settlement Agreement.  In either event, if the Court is unwilling to enforce the Settlement Agreement as preferred by Murphy, the Court should find that the Debtor's conduct constitutes cause to convert.

15.    Furthermore, the Debtor has engaged in "unreasonable" delay "prejudicial to creditors" in at least two key ways:  (i) failing to seek Court approval of the Settlement Agreement and the transactions contemplated therein for six months since the Mediation/Settlement Agreement; and (ii) failing to confirm a plan a year into his chapter 13 case.[5]  As a result, it would appear that the Debtor has no intention of paying Murphy or any other creditors, and cause exists to convert the Debtor's case if the Debtor will not honor his obligations under the Settlement Agreement.

---

[5] As set forth in Murphy's objection to confirmation of the Debtor's Plan, the Debtor's current Plan is not confirmable.

US2008 15061965 6

## **CONCLUSION**

For all the reasons stated above, this Court should enter the proposed order enforcing the

Settlement Agreement as set forth in **Exhibit C**, or, alternatively, convert this case to a case

under chapter 7 of the Bankruptcy Code.

Dated: February 26, 2019

<div style="margin-left: 45%">

Respectfully submitted,


 /s/ *Colin M. Bernardino*

Colin M. Bernardino, Esq. (GA Bar No. 054879)
KILPATRICK TOWNSEND & STOCKTON LLP
1100 Peachtree Street, Suite 2800
Atlanta, Georgia  30309
Telephone: (404) 815-6500
Facsimile:  (404) 815-6555
Email:  cbernardino@kilpatricktownsend.com

*Counsel for John H. Murphy*

</div>

US2008 15061965 6

# **EXHIBIT A**

**Settlement Agreement**

MURPHY V. FARMER SETTLEMENT AGREEMENT

TERM SHEET

1. Payment of $450,000.00 to Murphy or his assignee KTS on or before April 2, 2019;
2. Quit claim deed to Murphy or his assignee KTS held in escrow by Kilpatrick Townsend – If payment not made on or before April 2, 2019, QCD may be recorded (QCD will be an exhibit to the settlement agreement);
3. No further bar complaints against Millard Farmer by any of the released parties (Lawyers do not contemplate any complaints at this time);
4. Mutual releases on both sides effective upon payment or recording of deed;
5. No admission of wrong doing;
6. District Court litigation remains administratively closed and automatically stayed until satisfaction of the obligation by payment or recording of the deed. Thereafter, the District Court litigation shall be dismissed with prejudice 15 days after bankruptcy case is closed;
7. Chapter 13 plan reflecting settlement agreement above with following provisions:
   a. Debtor will not dismiss or convert case without approval of court and consent of Murphy
   b. If case is dismissed, Debtor will not file another case for six months
   c. Direct payment to Murphy or KTS from Debtor (No trustee fee)
   d. Debtor will not incur any other debt
   e. Debtor will not transfer or otherwise encumber the residential property unless Murphy or KTS is paid in connection with sale or financing
   f. Debtor will maintain the property in the same condition it currently is in or better and may (i) list residential property and sell, or (ii) obtain a loan with the residential property as collateral without necessity of court order provided that Murphy is paid in full at closing.
   g. Case will terminate on July 15, 2019 (after preference period)
   h. Debtor will not file another case within 91 days after closing of the case with a discharge
8. Murphy will accept/consent to plan after review and approval that will not be withheld unreasonably, and will agree to take payment directly from Debtor
9. Farmer will use his best efforts to have the plan confirmed as soon as possible.

This 18th day of September, 2018

JOHN MURPHY

BY:     KILPATRICK TOWNSEND & STOCKTON LLP

BY:     _____

ITS:    PARTNER _____

MILLARD FARMER

BY:     JONES & WALDEN LLC

BY:     _____

ITS:    _____

## **EXHIBIT B**

**Quitclaim Deed**

**Parcel ID No.:**
**15-209-04-227**

---

Space Above For Recorder's Use

**AFTER RECORDING RETURN TO:**
Kilpatrick Townsend & Stockton LLP
1100 Peachtree Street, Suite 2800
Atlanta, Georgia  30309
Attention: William R. Poplin, Jr., Esq.

## QUITCLAIM DEED

**STATE OF GEORGIA**

**COUNTY OF DEKALB**

      **THIS INDENTURE** is made this _____ day of _____, 201_, by and between **MILLARD C. FARMER (a/k/a MILLARD FARMER)** ("*Grantor*"), hereinafter called "*Grantor*", and **KILPATRICK TOWNSEND & STOCKTON LLP**, hereinafter called "*Grantee*". The words "Grantor" and "Grantee" include the neuter, masculine and feminine genders, and the singular and the plural.

## W I T N E S S E T H:

      **FOR AND IN CONSIDERATION** of the sum of Ten Dollars ($10.00) in hand paid to Grantor by Grantee at and before the execution, sealing and delivery hereof, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, Grantor has remised, released, conveyed and forever quitclaimed, and by these presents does remise, release, convey and forever quitclaim unto Grantee, and the heirs, successors, legal representatives and assigns of Grantee, all of right, title, claim, demand and interest which the Grantor has or may have in and to that tract or parcel of land being described on **Exhibit "A"**, attached hereto and incorporated herein by reference (the "*Property*").

      **TOGETHER WITH** all the rights, members, and appurtenances to and improvements on the said described Property in anywise appertaining or belonging.

US2008 14713254 2

**TO HAVE AND TO HOLD** the Property in order that neither Grantor nor any person claiming under Grantor shall at any time by any means or ways have, claim or demand any title or interest in or to the Property or any of the rights, members and appurtenances thereof.

**IN WITNESS WHEREOF**, Grantor has executed and sealed this indenture, and delivered this indenture to Grantee, all the day and year first written above.

Signed, sealed and delivered
in the presence of:

**GRANTOR:**

_____(SEAL)

_____
Unofficial Witness

**MILLARD C. FARMER (a/k/a MILLARD FARMER)**

_____
Notary Public
My Commission Expires:

_____

(NOTARIAL SEAL)

2

US2008 14713254 2

## EXHIBIT "A"

## LEGAL DESCRIPTION

All that tract or parcel of land lying and being in Land Lot 209 of the 15th District of DeKalb County, Georgia, and being more particularly described as follows:

BEGINNING AT A POINT on the northern side of DeKalb Avenue 89 feet west of the northwest corner of DeKalb Avenue and Josephine Street, and running thence North 190.5 feet to Lot 75; thence West 40.3 feet to the Hightower Property; thence South along the Hightower Property line 210.2 feet to DeKalb Avenue; thence northeasterly along the northern side of DeKalb Avenue 44.8 feet to the POINT OF BEGINNING; said tact being known as Lot 1 of the S.T. Weyman Subdivision as per plat recorded in DeKalb County, Georgia.

LESS AND EXCEPT that portion of the above described property conveyed by David M. Elkins to State Highway Department of Georgia by deed dated December 20, 1957, recorded in Deed Book 1320, Page 25, DeKalb County records.

This being the improved property known as No. 1196 DeKalb Avenue, N.E. according to the present system of numbering houses in DeKalb County, Georgia.

3

US2008 14713254 2

## EXHIBIT C

**Order Enforcing Settlement Agreement**

Case 18-52363-jwc   Doc 61    Filed 02/26/19   Entered 02/26/19 21:13:32   Desc Main
Document      Page 16 of 20

US2008 15061965 6

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

IN RE:                                                    |        CASE NO.  18-52363-JWC
                                                          |
Millard Courtney Farmer, Jr.,                             |        CHAPTER 13
                                                          |
        Debtor.                                           |
                                                          |

**ORDER ENFORCING SETTLEMENT AGREEMENT**

Upon the *Motion to Enforce Settlement Agreement* (the "Motion") and for good cause

shown, it is hereby **ORDERED** as follows:

1.      Debtor is hereby bound by the terms of the Settlement Agreement which is hereby

approved.[1]

2.      Debtor must make the Settlement Payment as contemplated by the Settlement

Agreement by April 2, 2019.

---

[1] Capitalized terms used herein but not otherwise defined shall have the meaning ascribed to
them in the Motion.

US2008 15061965 6

3.      Within seven (7) days of the entry of this Order, the Debtor must deliver to Murphy's counsel an executed Quitclaim Deed.

4.      In the event that the Debtor does not make the Settlement Payment by April 2, 2019, the automatic stay is lifted to allow Murphy, or his counsel, to record the Quitclaim Deed against the Property and take any other steps necessary to enforce the Quitclaim Deed, including foreclosure, without further order from this Court.  Murphy, or his counsel, is authorized to satisfy his claim against the Debtor from the Property and to take any other steps authorized by the Settlement Agreement.

5.      If the Debtor does not make the Settlement Payment by April 2, 2019 and does not execute and deliver the executed Quitclaim Deed as set forth in paragraph 3 herein, Murphy may file a notice with the Court informing the Court that the Debtor has not made the Settlement Payment by April 2, 2019 and has not delivered the executed Quitclaim Deed.  Upon the filing of such notice, the Court shall enter an order immediately converting the Debtor's case to a case under chapter 7 of the Bankruptcy Code.

6.      The Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.


END DOCUMENT


2

US2008 15061965 6

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

In re:                                      )
                                            )        Chapter 13
MILLARD COURTNEY FARMER, JR.,               )
                                            )        Case No. 18-52363-JWC
        Debtor.                             )
                                            )
_____            )

**CERTIFICATE OF SERVICE**

I hereby certify that on February 26, 2019, a true and exact copy of the (1) **NOTICE OF**

**HEARING ON MOTION TO ENFORCE SETTLEMENT AGREEMENT** and (2)

**MOTION TO ENFORCE SETTLEMENT AGREEMENT** was filed electronically with the

Clerk of the Court using the CM/ECF system, which in turn will send notification of such filing

to all interested parties of record.

I further certify that on February 26, 2019, a true and correct copy of the (1) **NOTICE**

**OF HEARING ON MOTION TO ENFORCE SETTLEMENT AGREEMENT** and (2)

**MOTION TO ENFORCE SETTLEMENT AGREEMENT** was served upon the parties listed

below, via First Class Mail, postage prepaid.

Ralph Goldberg                              Nancy J. Whaley
Goldberg & Cuvillier, P.C.                  Standing Chapter 13 Trustee
Suite 100                                   Suite 120
1400 Montreal Road                          303 Peachtree Center Avenue
Tucker, GA 30084                            Atlanta, GA 30303

Nan Freeman                                 Millard Courtney Farmer, Jr.
c/o Ken Gordon, Esquire                      1196 Dekalb Ave
P.O. Box 1088                               Atlanta, GA 30307
Lagrange, GA 30241

Wilmer Parker                               Resurgent Capital Services
Maloy Jenkins Parker                        P.O. Box 10587
1360 Peachtree Stree, NE, Suite 910         Greenville, SC 29603-0587

Atlanta, GA 30309

City of Atlanta                              DeKalb County Tax Commissioner
Office of Revenue                            4380 Memorial Drive, Suite 100
55 Trinity Ave, Suite 1350                   Decatur, GA 30032
Atlanta, GA 30303

LVNV Funding, LLC its successors and         Wilmer Parker
assigns as assignee of Citibank, N.A.        Suite 910
Resurgent Capital Services                   1360 Peachtree Street
PO Box 10587                                 Atlanta, Ga. 30309
Greenville, SC 29603


Dated:  February 26, 2019          Respectfully submitted,

                                   /s/ *Colin M. Bernardino*
                                   Colin M. Bernardino, Esq.
                                   KILPATRICK TOWNSEND & STOCKTON LLP
                                   1100 Peachtree Street, Suite 2800
                                   Atlanta, Georgia  30309
                                   Telephone:  (404) 815-6500
                                   Facsimile:  (404) 815-6555
                                   Email:  cbernardino@kilpatricktownsend.com

                                   *Counsel for John H. Murphy*