**IT IS ORDERED as set forth below:**

**Date: April 1, 2019**

_____

**Jeffery W. Cavender
U.S. Bankruptcy Court Judge**

_____

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| IN RE: | CASE NO. 18-52363-JWC |
| Millard Courtney Farmer, Jr., | CHAPTER 13 |
| Debtor. | |

**ORDER ENFORCING SETTLEMENT AGREEMENT**

This matter came before the Court for hearing on March 26, 2019. Upon the *Motion to Enforce Settlement Agreement* (the "Motion") and for good cause shown, it is hereby **ORDERED** as follows:

1.  Debtor is hereby bound by the terms of that certain Settlement Agreement by and among John H. Murphy, Kilpatrick Townsend & Stockton LLP, and Millard Courtney Farmer, a copy of which is attached hereto as **Exhibit A** (the "Settlement Agreement") and which is hereby approved.

US2008 15337952 3

2. Debtor must make the Settlement Payment[1] as contemplated by the Settlement Agreement by April 16, 2019.

3. In the event that the Debtor does not make the Settlement Payment by April 16, 2019, the automatic stay is lifted to allow Murphy, or his counsel, to record the Quitclaim Deed against the Property and take any other steps necessary to enforce the Quitclaim Deed, including foreclosure, without further order from this Court.  Murphy, or his counsel, is authorized to satisfy his claim against the Debtor from the Property and to take any other steps authorized by the Settlement Agreement.

4. The Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

END DOCUMENT

Order prepared by:
/s/ Colin M. Bernardino
Colin M. Bernardino
Georgia Bar No. 054879
KILPATRICK TOWNSEND & STOCKTON LLP
1100 Peachtree Street, N.E., Suite 2800
Atlanta, Georgia 30309-4530
(404) 815-6500 (Telephone)
(404) 815-6555 (Facsimile)
cbernardino@kilpatricktownsend.com

---

[1] Capitalized terms used herein but not otherwise defined shall have the meaning ascribed to them in the Settlement Agreement.

US2008 15337952 3

**Distribution List:**

**Millard Courtney Farmer, Jr.**
1196 Dekalb Ave
Atlanta, GA 30307

**Colin Michael Bernardino**
Kilpatrick Townsend & Stockton LLP
1100 Peachtree Street, NE Suite 2800
Atlanta, GA 30309-4528

**Julie M. Anania**
Nancy J. Whaley
Standing Chapter 13 Trustee
Suite 120
303 Peachtree Center Avenue
Atlanta, GA 30303

**Ralph Goldberg**
Goldberg & Cuvillier, P.C.
Suite 100
1400 Montreal Road
Tucker, GA 30084

# EXHIBIT A

(The Settlement Agreement)

## SETTLEMENT AGREEMENT

This Settlement Agreement is entered by JOHN H. MURPHY, KILPATRICK TOWNSEND & STOCKTON LLP, and MILLARD COURTNEY FARMER, JR., who agree as follows:

WHEREAS, Mr. Murphy brought a federal lawsuit against Mr. Farmer in the United States District Court for the Northern District of Georgia, styled as *Murphy v. Farmer, et al.*, 3:15-CV-92-TCB (N.D. Ga.) (the "*Murphy v. Farmer* Case");

WHEREAS, on January 26, 2018, a jury returned a verdict in favor of Mr. Murphy and against Mr. Farmer in the *Murphy v. Farmer* Case;

WHEREAS, also on January 26, 2018, the federal court in the *Murphy v. Farmer* Case entered a judgment against Mr. Farmer in the amount of $242,835.24 (the "Judgment");

WHEREAS, Mr. Murphy has asserted a claim for attorneys' fees against Mr. Farmer in connection with the *Murphy v. Farmer* Case;

WHEREAS, Mr. Farmer has filed post-trial motions in the *Murphy v. Farmer* case regarding the jury's verdict, and has disputed Mr. Murphy's claim for attorneys' fees;

WHEREAS, Mr. Farmer filed a voluntary petition for relief under Chapter 13 of title 11 of the United States Code on February 9, 2018 in the United States Bankruptcy Court for the Northern District of Georgia (the "Bankruptcy Court"), thereby initiating bankruptcy case number 18-52363 (the "Bankruptcy Case");

WHEREAS, on April 19, 2018, Mr. Murphy filed a proof of claim in Mr. Farmer's Chapter 13 bankruptcy in the amount of $723,465.15 (the "Claim"), to which Mr. Farmer objected;

US2008 14781540 6

WHEREAS, Mr. Murphy has assigned the Judgment and the Claim to Kilpatrick Townsend & Stockton, LLP;

WHEREAS, Mr. Murphy, Kilpatrick Townsend & Stockton, LLP, and Mr. Farmer wish to settle any and all claims among themselves without the expense and inconvenience of additional litigation;

NOW, THEREFORE, for and in consideration of the mutual covenants contained in this Settlement Agreement and other good and valuable consideration, the undersigned parties, intending to be legally bound, agree as follows:

1. **Payment by Mr. Farmer.** Mr. Farmer will cause a certified bank check payable to "Kilpatrick Townsend & Stockton LLP" in the amount of four hundred fifty thousand dollars ($450,000.00) (the "Payment") to be delivered to William R. Poplin, Jr., Kilpatrick Townsend & Stockton LLP, 1100 Peachtree Street, Suite 2800, Atlanta, Georgia 30309-4528, on or before April 2 [16 ₤ CMB], 2019 (the "Payment Date").

2. **Quit Claim Deed to be Held in Escrow; Terms; Conditions.** Concurrently with the execution of this Settlement Agreement, Mr. Farmer has executed and submitted to Kilpatrick, Townsend & Stockton, LLP ("Kilpatrick Townsend"), in its capacity as escrow agent, an original copy of that certain Quit Claim Deed attached hereto as **Exhibit A** (the "Deed") regarding the property owned by Mr. Farmer located at 1196 DeKalb Avenue, Atlanta, 30307, DeKalb County, Georgia, and as more specifically described in the Deed (the "Property"). Mr. Farmer hereby represents and warrants that he holds an unencumbered fee simple interest in the Property and uses the Property as his personal residence. Kilpatrick Townsend, in its capacity as escrow agent, acknowledges receipt of the Deed and agrees to hold the Deed in escrow pursuant to the following terms:

**(a)** In the event that Mr. Farmer makes the Payment to Kilpatrick Townsend on or before the Payment Date, Kilpatrick Townsend shall remove the Deed from escrow and destroy it.

**(b)** In the event that Mr. Farmer fails to make the Payment to Kilpatrick Townsend on or before the Payment Date, Kilpatrick Townsend, in its capacity as escrow agent, shall remove the Deed from escrow and deliver the Deed to Kilpatrick Townsend, in its capacity as the grantee of the Property. Upon receipt of the Deed, Kilpatrick Townsend, in its sole discretion, shall date the Deed as of the date of this Settlement Agreement or the date of such delivery to Kilpatrick Townsend and shall then file and record the Deed with the Clerk of the Superior Court of DeKalb County, Georgia. Upon request by Kilpatrick Townsend, Mr. Farmer shall execute and deliver such other documents as may be required or reasonably needed to effect a full and complete transfer to Kilpatrick Townsend of title to Property in accordance with the terms and the intent of this Settlement Agreement and the Deed. Additionally, Mr. Farmer hereby authorizes and empowers Kilpatrick Townsend to date the Deed as described herein and to execute and deliver such other documents as may be required or reasonably needed to effect a full and complete transfer to Kilpatrick Townsend of title to Property in accordance with the terms and the intent of this Settlement Agreement and the Deed. The powers of attorney granted herein by Mr. Farmer to Kilpatrick Townsend shall be durable, coupled with an interest as well as irrevocable by death or otherwise. Mr. Farmer hereby agrees and acknowledges that at the time the Deed is removed from escrow and delivered to Kilpatrick Townsend, in its capacity as the grantee of the Property, pursuant to the terms of this Settlement Agreement, then (i) such delivery is intended to effect a present and

Page 3

absolute conveyance and unconditional transfer of all of Mr. Farmer's rights, title and interest in and to the Property to Kilpatrick Townsend and, together with this Settlement Agreement, is not intended as a mortgage or a security of any kind; (ii) upon the filing of the Deed with the Clerk of the Superior Court of DeKalb County, Georgia, Mr. Farmer shall vacate the Property and deliver to Kilpatrick Townsend, its nominees, designees or assignees, immediate possession and enjoyment of the Property, and Kilpatrick Townsend, its nominees, designees or assignees, shall thereafter have the immediate right to occupy, operate, use, sell and transfer the Property, or any part thereof, for its sole account and at its sole and absolute discretion; and (iii) Kilpatrick Townsend shall have no obligation to account to Mr. Farmer for the amount, if any, by which the value of the Property so transferred to Kilpatrick Townsend exceeds the Payment amount.

The provisions of this Settlement Agreement, and this Paragraph 2, were specifically negotiated and bargained for as between the parties hereto as part of the intent to settle any and all claims among themselves without the expense and inconvenience of additional litigation. Mr. Farmer represents and warrants that he has had the benefit of competent and knowledgeable legal counsel in negotiating and entering into this Settlement Agreement, and this Paragraph 2, or knowingly and voluntarily has decided not to use such legal counsel. The provisions of this Paragraph 2 shall be enforceable by an action for specific performance. Except as stated herein, Mr. Farmer shall not grant or transfer any interest in the Property to any other party from and after the date of this Settlement Agreement and until (a) either the Deed has been recorded with the Clerk of the Superior Court of DeKalb County, Georgia, or (b) the Deed has been destroyed in accordance with the terms of this Agreement.

US2008 14781540 6

3.  **Mutual Release of all Claims by Mr. Murphy, Kilpatrick Townsend & Stockton LLP, and Mr. Farmer.** Upon (a) Mr. Farmer making the Payment on or before the Payment Date or (b) the recording of the Deed following Mr. Farmer's failure to make the Payment on or before the Payment Date, and in consideration of the mutual promises made herein, and for other good and valuable consideration, the receipt and sufficiency of which the Parties acknowledge;

  a) Mr. Murphy and Kilpatrick Townsend hereby release, acquit, and forever discharge Mr. Farmer, together with his attorneys, agents, spouses, heirs, employees, and legal representatives, from any and all rights, demands, claims, damages, losses, costs, expenses, actions, and causes of action whatsoever at law or in equity, known or unknown, contingent or fixed, suspected or unsuspected, mature or to mature, including but not limited to any claims that might have been made in or arising out of or in connection with or in any way related to the *Murphy v. Farmer* Case or to the Claim asserted in the Bankruptcy Case.

  b) Mr. Farmer hereby releases, acquits, and forever discharges John Murphy, Kilpatrick Townsend, and each of their attorneys, agents, spouses, heirs, successors, predecessors, partners, employees, and legal representatives from any and all rights, demands, claims, damages, losses, costs, expenses, actions, and causes of action whatsoever at law or in equity, known or unknown, contingent or fixed, suspected or unsuspected, mature or to mature, including but not limited to any claims that might have been made in or arising out of or in connection with or in any way related to the *Murphy v. Farmer* Case or to the Claim asserted in the Bankruptcy Case.

4. **Non-Filing of Additional Bar Grievances.** Mr. Murphy agrees not to file any additional Grievances against Mr. Farmer with the State Bar of Georgia including but not limited to any claims arising out of or in connection with or in any way related to the *Murphy v. Farmer* Case, the Claim asserted in Mr. Farmer's Chapter 13 bankruptcy, or Mr. Farmer's representation of Nancy Michelle Murphy in the Georgia state court case styled as *John Murphy v. Michelle Murphy*, Civil Action No. 2012-V-413 (Ga. Super. Ct., Newnan Cty.).

5. **Dismissal of the *Murphy v. Farmer* Case by Mr. Murphy.** The *Murphy v. Farmer* Case has been administratively closed since March 27, 2018, as a result of Mr. Farmer's Chapter 13 bankruptcy. Within fifteen days after (a) the closure of Farmer's pending bankruptcy case and (b) either (i) Mr. Farmer's making of the Payment on or before the Payment Date or (ii) the recording of the Deed following Mr. Farmer's failure to make the Payment on or before the Payment Date, Mr. Murphy will file an unopposed motion to re-open the *Murphy v. Farmer* Case for the limited purpose of dismissing his claims against Mr. Farmer with prejudice. Within five business days of the entry of an Order re-opening the *Murphy v. Farmer* Case, Mr. Murphy will file a dismissal with prejudice of his claims against Mr. Farmer.

6. **Approval by the Bankruptcy Court.** The parties acknowledge and recognize this Settlement Agreement must be approved by the Bankruptcy Court in accordance with Federal Rule of Bankruptcy Procedure 9019 in order for this Settlement Agreement to become effective. Within five business days from the Parties' execution and delivery of this Settlement Agreement, Mr. Farmer will file a motion to approve settlement with the Bankruptcy Court seeking an Order ("Approval Order") from the Bankruptcy Court approving this Settlement Agreement and authorizing the Mr. Farmer to execute any documents necessary to implement this Settlement Agreement. This Settlement Agreement is contingent upon the entry of the

Approval Order by the Bankruptcy Court and an order confirming (the "Confirmation Order") an amended Chapter 13 plan including the following provisions: (a) Mr. Farmer will not dismiss or convert his Bankruptcy Case without approval of the Bankruptcy Court and the consent of Mr. Murphy; (b) if the Bankruptcy Case is dismissed, Mr. Farmer will not file another bankruptcy case for at least six months from the dismissal of the Bankruptcy Case; (c) Mr. Farmer will make the Payment directly to Mr. Murphy or Kilpatrick Townsend & Stockton LLP; (d) Mr. Farmer will not to incur additional debt; (e) Mr. Farmer will not transfer or otherwise encumber the Property unless Mr. Murphy or Kilpatrick Townsend & Stockton LLP is paid in connection with a sale or financing of the Property; (f) Mr. Farmer will maintain the Property in the same condition it is currently in or better and may (i) list the Property and sell the Property, or (ii) obtain a loan with the Property as collateral without the necessity of Bankruptcy Court order provided that Mr. Murphy is paid in full at the closing of any such sale; (g) the Bankruptcy Case will terminate on July 15, 2019; and (h) Mr. Murphy will not file another bankruptcy case within 91 days after the closing of the Bankruptcy Case with a discharge. If the Bankruptcy Court does not enter the Approval Order and the Confirmation Order, this Settlement Agreement shall be null and void and shall have no evidentiary or other legal effect. Mr. Farmer will make all reasonable efforts to obtain entries of the Approval Order and the Confirmation Order.

7. **Cost of Dispute.** All parties agree to bear their own attorney's fees and costs not encompassed by the Claim and agree not to assert any claims against any other party relating in any way to the Bankruptcy Case or the negotiation of this Settlement Agreement.

8. **Liability Denied by All Parties.** All parties deny any wrongdoing and further deny liability to all other parties to this Settlement Agreement & Release.

Page 7

US2008 14781540 6

9. **No Construction Against Any "Drafter."** This parties fully participated in the drafting of this Settlement Agreement. Accordingly, for the purposes of construction or interpretation, this Agreement shall not be deemed the drafting of any individual party.

10. **Severability.** If any part of this Settlement Agreement is held to be unenforceable, then the remainder of this Settlement Agreement shall continue in full force and effect.

11. **Counterparts.** This Agreement may be executed in multiple counterparts, each of which shall be deemed an original, but all of which when taken together shall constitute one and the same Agreement.

12. **Warranty and Representation Regarding Claims.** The parties warrant and represent that as of the effective date of this Settlement Agreement, they have no knowledge of any actual or potential claims against each other that are not released herein.

13. **No Commencement of Related Action.** The parties each agree and represent that they will not hereafter commence any type of civil action, regulatory action, or other formal proceeding against each other arising out of or related to the claims released herein.

14. **Award of Attorneys' Fees to Prevailing Party in any Dispute Regarding this Settlement Agreement.** In the event that any party to this Settlement Agreement files any litigation claiming a breach of any of the terms of this Settlement Agreement (including any counterclaim or defense asserted in any litigation challenging any of the terms of this Settlement Agreement), the prevailing party shall be entitled to his or its' attorneys' fees, costs, and expenses of litigation.

15. **Final Agreement.** This Agreement is intended by the Parties to be the final expression of their Settlement Agreement, and contains all of the covenants, conditions,

exclusions, understandings, promises, obligations, and agreements between the Parties hereto. No prior oral or written matters extrinsic to this Agreement shall have any force or effect but rather are deemed merged into this Agreement. This Agreement shall not be amended, altered, revised, modified, terminated or changed in any way except by further written agreement signed by all Parties.

16. **No Third-Party Beneficiaries.** Except as specifically stated in Paragraph 3 above, there are no third-party beneficiaries, intended or otherwise, of this Settlement Agreement.

17. **Governing Law, Venue, and Consent to Jurisdiction.** This Settlement Agreement shall in all respects be governed by, and construed in accordance with, the laws of the State of Georgia. The parties agree any litigation regarding this Settlement Agreement will be filed in Atlanta, Georgia; waive any objection to the venue of Atlanta, Georgia; and consent to the exercise of personal jurisdiction by court in Atlanta, Georgia.

18. **Authority to Enter Settlement Agreement.** The signatories below represent and warrant that they have the requisite authority to enter into this Settlement Agreement.

[signature lines on following page]

US2008 14781540 6

**JOHN H. MURPHY**

_____ 3/26/19
John H Murphy by [signature]
with Express Authority and
Power of Attorney

**MILLARD COURTNEY FARMER, JR.**

_____
Millard Farmer, Jr.

**KILPATRICK TOWNSEND & STOCKTON LLP**

By: _____ 3/26/19
William R. Poplin, Jr.

Page 10

US2008 14781540 6

# EXHIBIT A TO SETTLEMENT AGREEMENT

(The Quitclaim Deed)

Parcel ID No.:
15-209-04-227

---

Space Above For Recorder's Use

**AFTER RECORDING RETURN TO:**
Kilpatrick Townsend & Stockton LLP
1100 Peachtree Street, Suite 2800
Atlanta, Georgia 30309
Attention: William R. Poplin, Jr., Esq.

## QUITCLAIM DEED

**STATE OF GEORGIA**

**COUNTY OF DEKALB**

      **THIS INDENTURE** is made this __26__ day of __March__, 2019, by and between **MILLARD C. FARMER (a/k/a MILLARD FARMER)** ("*Grantor*"), hereinafter called "*Grantor*", and **KILPATRICK TOWNSEND & STOCKTON LLP**, hereinafter called "*Grantee*". The words "Grantor" and "Grantee" include the neuter, masculine and feminine genders, and the singular and the plural.

### W I T N E S S E T H:

      **FOR AND IN CONSIDERATION** of the sum of Ten Dollars ($10.00) in hand paid to Grantor by Grantee at and before the execution, sealing and delivery hereof, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, Grantor has remised, released, conveyed and forever quitclaimed, and by these presents does remise, release, convey and forever quitclaim unto Grantee, and the heirs, successors, legal representatives and assigns of Grantee, all of right, title, claim, demand and interest which the Grantor has or may have in and to that tract or parcel of land being described on **Exhibit "A"**, attached hereto and incorporated herein by reference (the "*Property*").

      **TOGETHER WITH** all the rights, members, and appurtenances to and improvements on the said described Property in anywise appertaining or belonging.

US2008 14713254 2

**TO HAVE AND TO HOLD** the Property in order that neither Grantor nor any person claiming under Grantor shall at any time by any means or ways have, claim or demand any title or interest in or to the Property or any of the rights, members and appurtenances thereof.

**IN WITNESS WHEREOF**, Grantor has executed and sealed this indenture, and delivered this indenture to Grantee, all the day and year first written above.

**GRANTOR:**

Signed, sealed and delivered
in the presence of:

_Margaret A Farmer_
Unofficial Witness

_____(SEAL)
**MILLARD C. FARMER (a/k/a MILLARD FARMER)**

_Lisa Dianne Creel_
Notary Public
My Commission Expires:

_July 8, 2019_

(NOTARIAL SEAL)

2

US2008 14713254 2

## EXHIBIT "A"

## LEGAL DESCRIPTION

All that tract or parcel of land lying and being in Land Lot 209 of the 15th District of DeKalb County, Georgia, and being more particularly described as follows:

BEGINNING AT A POINT on the northern side of DeKalb Avenue 89 feet west of the northwest corner of DeKalb Avenue and Josephine Street, and running thence North 190.5 feet to Lot 75; thence West 40.3 feet to the Hightower Property; thence South along the Hightower Property line 210.2 feet to DeKalb Avenue; thence northeasterly along the northern side of DeKalb Avenue 44.8 feet to the POINT OF BEGINNING; said tact being known as Lot 1 of the S.T. Weyman Subdivision as per plat recorded in DeKalb County, Georgia.

LESS AND EXCEPT that portion of the above described property conveyed by David M. Elkins to State Highway Department of Georgia by deed dated December 20, 1957, recorded in Deed Book 1320, Page 25, DeKalb County records.

This being the improved property known as No. 1196 DeKalb Avenue, N.E. according to the present system of numbering houses in DeKalb County, Georgia.

US2008 14713254 2